IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DANTE VENVERTLOH,

        **Plaintiff,**

v.                                                                     Civil Action No. 2:18cv8

LINCOLN MILITARY HOUSING, LLC et al,

        **Defendants.**

## OPINION & ORDER

This matter comes before the Court on Dante Ventvertloh's ("Plaintiff's") Motion to Remand and for Joinder of the United States as a Necessary Party ("the Motion"). Doc. 6. Lincoln Property Company ("LPC"), Lincoln Military Housing, LLC ("LMH"), Mid-Atlantic Military Family Communities, LLC ("Mid-Atlantic"), and LPC Property Management, LLC ("LPCPM") (collectively "Defendants") oppose the Motion. Doc. 7. The Court held a hearing on Plaintiff's Motion to Remand on June 19, 2018. For the reasons set forth below, the Court DENIES Plaintiff's Motion to Remand and for Joinder of the United States as a Necessary Party.

## I. BACKGROUND

Plaintiff is an adult who resided in military housing ("Ben Moreell") as a minor child. Compl ¶ 1. Plaintiff alleges that while he resided in Ben Moreell he was exposed to "damp indoor space," which resulted in a personal injury. Compl. ¶ 2. The land on which Ben Moreell is located (the "Property") is owned by the United States Navy and was leased to Defendants for the purpose of maintaining military housing. Id. at 7. When the Property was originally purchased by the United States Navy, the State ceded exclusive legislative jurisdiction over the Property to the Navy; however, in 1984 the Navy gave concurrent legislative jurisdiction over the Property to the Commonwealth of Virginia. Id. at 5, Ex. C. Plaintiff began residing in

1

military housing in 2000, during the time period in which the Navy had ceded concurrent legislative jurisdiction to the Commonwealth of Virginia. Compl. ¶ 12.

## II. PROCEDURAL HISTORY

On December 14, 2017 Plaintiff filed a complaint with the Circuit Court for the City of Norfolk. Compl. On January 9, 2018, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Doc. 1. On February 5, 2018, Plaintiff filed the instant Motion. Doc. 6. On February 19, 2018, Defendant responded in opposition to Plaintiff's Motion. Doc. 7. Plaintiff did not reply. On March 12, 2018, Plaintiff attempted to attach additional documents to his Motion without requesting leave of Court. See Doc. 6. Defendant filed a Motion to Strike the additional exhibits on March 15, 2018. On March 27, 2018, this Court GRANTED Defendant's Motion to Strike and GRANTED Plaintiff leave to re-file the attachments upon filing the appropriate motion. Doc. 11. On March 30, 2018 Plaintiff filed two Motions to Attach Additional Brief Materials. Docs. 12, 13.[1] On April 13, 2018 Plaintiff filed a Memorandum in Support of his Motion for Leave to Attach Additional Documents. Doc. 16. On April 18, 2018, this Court GRANTED Plaintiff's Motion to Attach Additional Brief Materials, Doc. 13, and DENIED Plaintiff's Motion to Attach brief Materials, Doc. 12, as MOOT. The Court GRANTED Defendant ten (10) days from the date of its order to amend its Memorandum in Opposition to Plaintiff's Motion to address the contents of the newly attached brief materials. Doc. 17. Defendant filed its Response in Opposition on April 30, 2018. Plaintiff's Motion is now ripe for review.

## III. LEGAL STANDARDS
### A. Motion to Remand

---

[1] Plaintiff attached the wrong document to his first Motion to Attach Additional Brief Materials. Doc. 12. Therefore, he submitted a second Motion to Attach Additional Brief Materials with the correct attachments. Doc. 13. Both docket entries had the same Motion, but the attachments that Plaintiff requested the Court to add were filed with the second Motion.

2

Title 28 of the United States Code, Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants...." A defendant may remove a state court action to federal court only if it originally could have been filed by the plaintiff in federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). When analyzing a motion to remand, significant federalism concerns require the court to construe the removal statute strictly against removal. Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 784 (E.D. Va. 2007). The burden of establishing federal jurisdiction is thus upon the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

Under 28 U.S.C. §1331, a federal district court has jurisdiction over matters "arising under the Constitution, laws, or treaties of the United States." Gunn v. Minton, 568 U.S. 251, 257 (2005). Article I, section 8, clause 17, of the United States Constitution (the "Enclave Clause") gives "Congress...the power...to exercise exclusive Legislation...over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings." Federico, et al. v. Lincoln Military Housing, et al, 901 F. Supp.2d 654, 663 (E.D. Va. 2012). Whether the United States has acquired exclusive jurisdiction over a federal enclave is a federal question. Id.

**B. Joinder of Necessary Parties**

Rule 19 (a) of the Federal Rules of Civil Procedure states:

> ...a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot

> accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest...If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed.R.Civ.P. 19(a).

## IV. ANALYSIS

### A. Motion to Remand

Plaintiff initially filed his Motion to Remand on the basis that this Court lacked subject matter jurisdiction under 28 U.S.C. § 1331. Doc. 5. However, at the hearing, Plaintiff conceded that the Court otherwise has subject matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, and withdrew his Motion to Remand. Therefore, Plaintiff's Motion to Remand is DENIED as MOOT.

### B. Motion to Join the United States as a Necessary Party

Plaintiff also argues that the Court should order Defendants to name and serve the United States Navy as a necessary party. Doc. 6 at 3. Plaintiff notes that the United States Navy has never made an effort to intervene in any of the previous cases, even though the Eastern District has previously found that that the United States Navy has a substantial federal interest in mold in military housing cases. Id. at 2 (citing Federico et al. v. Lincoln Military Housing et al. 901 F. Supp. 2d 654, 656). Therefore, Plaintiff argues in the alternative that the United States Navy should be joined as a necessary party to determine whether the United States in fact has a genuine interest in the case. Id. However, Plaintiff has also indicated that he does not intend to assert any claims against the United States Navy. Plaintiff's main argument for joining the

United States Navy as a necessary party is that the United States Navy entered into a contract with Defendants to have Defendants manage the property.

Under Rule 19, joinder is not required unless "(A) in the person's absence, the court cannot accord complete relief among existing parties; or (B) that [absent] person claims an interest relating to the subject of the action" such that the action cannot proceed without impairing or impeding their ability to protect that interest, or leaves an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1)(A) and (B). Here, the United States Navy is not claiming an interest relating to the subject of the action, therefore part Rule 19(a)(1)(B) does not apply. The Court also FINDS that it can accord complete relief among the existing parties because, as Plaintiff has conceded, he does not intend to assert any claims against the United States Navy. Although Plaintiff argues that the United States is involved in overseeing the property management, Plaintiff's complaint alleges negligence on the part of Defendants alone and seeks monetary damages from Defendants alone. See Compl. ¶ 11. Accordingly, the Court DENIES Plaintiff's Motion to Join the United States Navy as a Necessary Party.

## V. CONCLUSION

For the above stated reasons, the Court DENIES Plaintiff's Motion to Remand or for Joinder of the United States as a Necessary Party, Doc. 5.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 2̲8̲, 2018

5